JULIUS W. SHADEWALD v. WILLIAM H. WHITE.

November 14, 1898.

Nos. 11,245—(82).

**Receiver—Contract for Management of Trust Estate Void.**

An agreement by a receiver, appointed by the court, to turn over to another the control and management of the property and business intrusted to his charge, is void. He cannot thus abdicate his powers, or tie himself up in the performance of his official duties.

**Receiver is a Trustee for All Interests.**

A receiver occupies a fiduciary relation, and is trustee for all parties interested in the property intrusted to his charge by the court, and cannot exercise his powers for the individual benefit of himself or any third party.

**Same—Purchase of Certificate of Sale upon Foreclosure—Redemption—Election.**

*Held*, upon the facts pleaded, that a purchase by the receiver in his own name of a certificate of sale on foreclosure of the property which was the subject of the receivership will, at the election of the parties interested in the property, be deemed a redemption for their benefit, and the title thus acquired to be held by him in trust for them, subject to his right to be reimbursed for any advances.

Appeal by defendant from an order of the district court for Hennepin county, Elliott, J., overruling a demurrer to the complaint. Reversed.

*John W. Gilger*, for appellant.

*James Robertson*, for respondent.

MITCHELL, J.

The allegations of the complaint are substantially as follows: The plaintiff owned a majority of the stock in a corporation called the White Roller-Mill Company. This corporation owned a flouring mill, which was subject to three mortgages, the first two having been executed by the plaintiff himself to a third party, before he conveyed the mill to the corporation, and the third having been executed by the corporation to the defendant. The three mortgages amounted to $6,500, while the mill was worth $20,000. The

corporation also owed a bank $8,000, upon which suit had been commenced, and the mill attached. Thereupon the plaintiff and the defendant entered into a contract, whereby it was mutually agreed that plaintiff should induce the owner of the first two mortgages to commence an action to foreclose them, and secure the·appointment of the defendant as receiver of the premises pending the foreclosure action, and until the expiration of the period·of redemption after sale; that plaintiff should thereupon take charge of the mill for the defendant as receiver, and devote his entire time to building up a trade therefor; that defendant should furnish the money and credit necessary to carry on the business, and, prior to the expiration of the time of redemption from the foreclosure sale, advance the necessary money to purchase the certificate of sale, taking an assignment thereof in his own name; that after such purchase the plaintiff and defendant should jointly operate the mill until the profits of the business should be sufficient to repay the defendant the amount he had advanced to operate the mill and to purchase the certificate of sale, and the $2,000 which the mill company owed him on the third mortgage; that thereafter the defendant should convey the premises to the plaintiff free and clear of incumbrances.

The complaint then alleges that the plaintiff procured the holder of the first two mortgages to commence foreclosure, and by his efforts secured the defendant's appointment as receiver during the pendency of the action and the period of redemption, and immediately took charge of the mill, and operated it for the defendant as receiver, conducting the business in the name of defendant, as receiver, until May 15, 1896, and thereafter until August 10, 1896, under the name of defendant and company; that during this time the defendant, pursuant to the agreement, advanced various sums of money (the amounts of which are to plaintiff unknown) to carry on the business, and to purchase the sheriff's certificate of sale on the foreclosure, an assignment of which to defendant was procured prior to the expiration of the period of redemption with the assistance of plaintiff; that on August 10, 1896, the defendant wrongfully repudiated his agreement, and refused to account to plaintiff, and refused to allow him further to operate the mill; that defend-

74 M.—14

ant has been in the sole possession of the mill since August 10, 1896, and realized large profits therefrom. The plaintiff asks for an accounting and such other relief as may be just and equitable. To this complaint defendant demurred on the ground that it did not state a cause of action. This appeal is from an order overruling the demurrer.

It may be inferred from the allegations of the complaint that this property has been sold under a decree of foreclosure, although there is no direct or express allegation to that effect; but it does not appear that the time of redemption has expired, or that defendant's receivership has terminated. For anything that is alleged, the defendant may still be receiver, and in possession of, and managing, the property as the officer of the court. It would seem, from the terms of this agreement, that the intention of the parties was that a receiver should be appointed, and that the receivership should be run, not in the interest of the first mortgagee and the stockholders of the mill company, but in the personal interest of the plaintiff and defendant, so as to freeze out the other stockholders and creditors, and enable the plaintiff to secure the corporate property for much less than its actual value. Whether the entire contract was void on this ground, as being against public policy, it is not now necessary to consider. But, waiving this question, the complaint fails to state a cause of action, for two reasons.

The defendant, as receiver, was a trustee for all parties interested in the property—for the stockholders of the mill company as well as the foreclosing mortgagee. He was bound to exercise his powers for the benefit of the one as well as the other. It would be a breach of trust for him to exercise these powers for his own individual benefit, or for that of the plaintiff. In operating the mill during the receivership, he was acting officially for the benefit of the mill company, and any profit which he has made out of the business, as well as the mill itself, he holds as trustee for that company. Occupying the fiduciary relation which he did, his purchase of the certificate of sale on the mortgage foreclosure in performance of the prior agreement between himself and plaintiff to secure the receivership, and run it so as to secure the mill for defendant, would, at the election of the mill company, be held, as between it

and him, to be a redemption for the benefit of the company, subject to his right to be reimbursed for any advances which he has made. It does not appear that the mill company has waived this right. Hence, upon the facts alleged, it must be assumed that the defendant still occupies the position of trustee, and is bound, at the election of the company, to convey the mill to it upon being reimbursed for advances, and being paid the amount due on his mortgage. Under the existing state of facts, he has no right to convey to the plaintiff. If he did, the plaintiff would merely stand in his shoes, and become trustee of the title for the benefit of the mill company, at its election.

Again, the only substantial breach of the contract alleged is that the defendant has refused to allow the plaintiff further to operate the mill or carry on the business in accordance with the agreement. The provisions of this agreement to put the property and the business under the control and management of the plaintiff during the receivership were clearly void. A receiver cannot abdicate or limit his powers or thus tie himself up in the performance of his official duties by contract with some other person. Thus far all that plaintiff has done or invested under this contract is his services from December, 1894, to August, 1896. Whether, if this agreement, so far as executory, is non-enforceable, the plaintiff can recover for these services, is not involved in this case. The plaintiff is not now seeking to recover on that ground, and has not alleged the value of the services.

Order reversed.